IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GLENN LEE YOUNG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 08-1701 |
| ) | Judge Lancaster |
| MARY BETH BUCHANAN, *et al.*, ) | Magistrate Judge Bissoon |
| ) | |
| Defendants. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

Plaintiff Glenn Lee Young has failed to sign an authorization that would allow the institutional account officer to deduct a partial filing fee. It is respectfully recommended that this action be dismissed without prejudice to Plaintiff's right to re-file this action within the applicable statute of limitations period by paying the full filing fee of $350.00.

### II. REPORT

Plaintiff is an inmate presently confined at the Lackawanna County Prison located in Scranton, Pennsylvania. This is a prisoner civil rights action, and Plaintiff has been granted leave to proceed *in forma pauperis* (Doc. 6).

The Prison Litigation Reform Act of 1996, 28 U.S.C. §1915(b), requires that prisoners who cannot pay the full filing fee immediately submit an initial partial filing fee and the balance in installment payments. Consistent with that Act, the Court entered an Order (Doc. 6) on January 21, 2009, that did the following:

> 1. Computed the proper initial partial filing fee and informed Plaintiff of that amount;
>
> 2. Directed Plaintiff to either:

>> a. sign an authorization which would allow the institutional account officer to deduct the partial filing fee and pay it into the court; or
>
> b. sign a form indicating that, whether for financial reasons or otherwise, he chose to withdraw the action;
>
> 3. Instructed Plaintiff to return the signed authorization or notice of withdrawal within twenty days.

Plaintiff did not return a signed notice of withdrawal of this action, nor did he return a signed authorization which would allow the institutional account officer to deduct the partial filing fee and pay it into court. On August 18, 2009, the Court again directed Plaintiff to return either a signed withdrawal form or a signed authorization on or before September 1, 2009 (Doc. 31). Plaintiff was transferred to another facility (Doc. 32) and the Court entered another Order on September 11, 2009, directing Plaintiff to return a withdrawal or an authorization on or before September 25, 2009 (Doc. 33). Plaintiff has been warned that failure to authorize payment from his prison account would result in this action being dismissed without prejudice (Docs. 31, 33). Because the Court will not direct the prison to withdraw money from Plaintiff's institutional account and pay it into the Court until Plaintiff authorizes such withdrawal, the initial partial filing fee in this case will never be paid.

Plaintiff's refusal to comply with the directions contained in the Court's January 21, August 18 and September 11, 2009 orders makes it impossible for the court to comply with the law regulating the manner in which *in forma pauperis* prison litigation is to be administered. Because Plaintiff has not complied with this Court's orders, it must be concluded that he no longer desires to maintain this action.

It is respectfully recommended that this action be dismissed without prejudice. Plaintiff should be permitted to re-file this action within the applicable statute of limitations period by paying the full filing fee of $350.00.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules for Magistrates, objections to this Report and Recommendation are due by October 19, 2009. Failure to timely file objections may constitute a waiver of any appellate rights.

October 6, 2009                                              s/Cathy Bissoon
                                                             Cathy Bissoon
                                                             United States Magistrate Judge


cc:
**GLENN LEE YOUNG**
3-B-4
Lackwanna County Prison
1371 North Washington Ave
Scranton, PA 18509